IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-84197 |
| | ) | |
| SOMERSET APTS., LTD., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | Filing No. 217, 221 |

### ORDER

     Hearing was held in Omaha, Nebraska, on September 5, 2006, regarding Motion to Reconsider, Alter or Amend Judgment (Fil. #217), filed by Kerns/Porter, Inc., and Objection (Fil. #221), filed by the debtor. Howard Duncan appeared for the debtor; Kenton W. Hambrick appeared for Federal Home Loan Mortgage Corporation; P. Shawn McCann appeared for Kerns/Porter, Inc., and Richard Kerns; Mark A. Steele appeared pro se; and James B. Cavanagh appeared for Betty L. Bjerke, Trustee.

     A trial was held in Omaha, Nebraska on May 5, 2006, on the debtor's objection (Fil. #116) and supplemental objection (Fil. #139) to the claims of Richard Kerns and Kerns/Porter, Inc. The court entered an order (Fil. #215) sustaining the objection to the claim and finding that the obligations which are the substance of the claim are obligations of another entity, Somerset Apts., Inc.

     The claimants have filed a motion to reconsider or to make additional findings of fact (Fil. #217).

     The motion to reconsider is denied. However, the request for additional findings of fact is granted.

     1.  There is no convincing evidence that Somerset Apts., Ltd., received the use or benefit of the funds obtained by Somerset Apts., Inc.  Even if the evidence on that point was found in favor of the claimants, such a fact would not make Somerset, Apts., Ltd., liable to the claimants on an alter-ego theory. The two companies are separate business entities and without some agreement between them concerning sharing liabilities, one does not become liable for debts of the other. Mr. Kerns says there was such an agreement. I find otherwise.

     2.  The debtor has listed the liability on the underlying claims in the schedules and other documents filed in this case.  Such listings are judicial admissions that representatives of the debtor believed at the time of filing the documents that there was a valid claim against the debtor. However, the debtor certainly has the right to object to a claim once representatives of the debtor and counsel for the debtor become aware of the questionable legitimacy of the claim.  Prior to confirmation, there is no time limit for objecting to a claim.  Listing the claim as an obligation of the debtor does not estop the debtor from later taking a different position with regard to the legitimacy of the claim.

     SO ORDERED.

     DATED this 26th day of September 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Howard Duncan    Kenton W. Hambrick   Mark A. Steele
    *P. Shawn McCann   James B. Cavanagh   U.S. Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.